# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL AIKEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-1834 |
| v. | : | (MANNION, D.J.) |
| NANCY A. BERRYHILL,[1] Commissioner of Social Security, | : | (CARLSON, M.J.) |
| Defendant | : | |
| | : | |

# MEMORANDUM

Pending before the court is the February 12, 2018 report of Judge Martin C. Carlson, which recommends that the final decision of the Commissioner denying the plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act be affirmed and that the case be closed. (Doc. 18). Neither the Commissioner nor the plaintiff have filed any objections to Judge Carlson's report. The time within which objections to the report were due has expired.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v.

---

[1]On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Plaintiff alleged that he was disabled due to degenerative disc disease neuropathy, COPD, epilepsy, schizoaffective disorder, depression and an anxiety disorder. The ALJ found that plaintiff's impairments were severe but concluded that none of his impairments met a listing that would define him as *per se* disabled. The ALJ also found that plaintiff retained the residual functional capacity to perform a range of light work and then determined that there were light work positions available to plaintiff in the national economy. Thus, the ALJ denied plaintiff's application for disability benefits.

The court has reviewed all of the reasons presented by Judge Carlson for recommending that the plaintiff's appeal of the Commissioner's decision denying his claim for DIB benefits, (Doc. 1), be denied. Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report, including his conclusion that substantial evidence supported the Commissioner's finding that plaintiff has the residual functional capacity to perform light work with limitations, and finds no clear error on the face of the

record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 28, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1834-01.wpd